IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                           Case No. 08-20059-JWL

**Dustin Stoneking,**

      **Defendant.**

### MEMORANDUM AND ORDER

In October 2008, defendant entered a guilty plea to conspiracy to distribute and possess with intent to distribute methamphetamine and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.§ 924(c).  For purposes of the drug trafficking offense, the amended presentence investigation report calculated defendant's total offense level at 36 with a criminal history score of 5 and a criminal history category of III.  As correctly noted by defendant, he was assessed three criminal history points plus an additional two "status" points because he committed the instant offense while on probation from a prior state offense. Based on a total offense level of 35 and a criminal history category of III, defendant's advisory guideline range for imprisonment on the drug count was 235-293 months.  The firearm count carried a mandatory consecutive term of 60 months.  Ultimately, defendant was sentenced to 180 months on the drug count and 60 months on the firearm count for a total term of 240 months.

Defendant has now filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 50) in which he asks the court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. The motion is dismissed.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). In resolving defendant's motion, then, the court first determines if a retroactive amendment to the Sentencing Guidelines indeed lowered defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Relevant here, Part A of Amendment 821 limits the criminal history impact of "status points" when the offense is committed while under a criminal justice sentence. *See* United Stated Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 3, 2024). Specifically, under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Defendant was assessed two additional criminal history points (or "status

points") because he committed the instant offense while on probation in another case. Applying Part A of Amendment 821, defendant's status points would be eliminated because he has six or fewer criminal history points. With a resulting total of 3 criminal history points and a criminal history category of II, defendant's amended guideline range is 210-262 months. Amendment 821, then, lowers defendant's guideline range on the drug count.[1]

But as the government correctly explains in its response, a reduction in this case is inconsistent with applicable policy statements. *See Dillon*, 560 U.S. at 826 (A reduction under § 3582(c)(2) is authorized only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"—namely, § 1B1.10."). Pursuant to the applicable policy statement, the court cannot reduce defendant's term of imprisonment below the minimum of the amended guideline range—*i.e.*, below 210 months. *See* U.S.S.G. § 1B1.10(b)(2)(A) (explaining that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"). Because the court imposed a sentence on the drug count (180 months) that is already lower than the minimum of the amended range, the court is precluded by the applicable policy statement from further reducing defendant's sentence pursuant to § 3582(c)(2). *See United States v. Llanos Cortes*, 2023 WL 8372815, at *3 (S.D. Fla. Dec. 4, 2023) (denying application of Amendment 821 where court initially imposed a sentence of 100 months, which was below the new guideline range such that court was precluded by the applicable policy

---

[1] The sentencing guidelines relating to criminal history scoring do not apply to convictions under § 924(c). See U.S.S.G. § 2K2.4(b) (guideline sentence for conviction under § 924(c) is the minimum term of imprisonment required by statute; chapters 3 and 4 of the guidelines do not apply to that count of conviction).

3

statement from reducing the defendant's sentence pursuant to § 3582(c)(2)); *United States v. Perez*, 2023 WL 8894335, at *2 (E.D. Pa. Dec. 26, 2023) (denying motion for sentence reduction pursuant to Amendment 821 where defendant was initially sentenced to 160 months and amended guideline range was 168-210 months imprisonment; policy statement did not permit resentencing where defendant's sentence was below both his original and amended guideline range); *United States v. Williams*, 2023 WL 8560334, at *2 (D. Me. Dec. 11, 2023) (defendant was not entitled to a reduction pursuant to Amendment 821 because any reduction of his 140-month sentence would result in a term of imprisonment below the minimum sentence of the 188-235 month range).

The applicable policy statement also precludes the court from a variance below the amended guideline range comparable to the downward variance defendant received at his sentencing. On this point, the application note to U.S.S.G. § 1B1.10(b)(2) is particularly instructive. That application note states that "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection [§ 1B1.10](b)(2)(A)" preventing a court from imposing a term of imprisonment less than the minimum of the amended guideline range "also applies." U.S.S.G. § 1B1.10 app. n. 3. The note then provides an example illustrating this limitation: A defendant had a guideline range at the time of sentencing of 70 to 87 months, but the court imposed a sentence of 56 months, constituting a downward departure or variance. *Id*. Following a guideline amendment, the defendant's new guideline range is 51 to 63 months. *Id*. Under U.S.S.G. § 1B1.10(b)(2)(A) the court could "reduce the defendant's term of imprisonment but shall not reduce it to a term less than 51 months." *Id*. "In essence, application note 3 demonstrates that a defendant cannot

4

contend the downward variance they received at sentencing now entitles them to a downward variance below the minimum of their amended guideline range." *United States v. Acor*, 2023 WL 8653182, at *2 (D. Nev. Dec. 13, 2023) (policy statement precluded court from departing downward below minimum of amended guideline range); *United States v. Baeza*, 2023 WL 8936750, at *2 (W.D. Okla. Dec. 27, 2023) (defendant was not eligible for a reduction of sentence under Amendment 821 where his term of imprisonment of 200 months was less than the minimum of the amended guideline range of 324 to 405 months and did not result from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B)).[2]

Because of the downward variance he received, defendant's sentence of 180 months on the drug count is below the minimum of his amended guideline range and the court lacks authority to reduce defendant's sentence further. As such, defendant is not eligible for a reduction of sentence under Part A of Amendment 821. In sum, because the reduction is not authorized, the court lacks jurisdiction to reduce defendant's sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 50) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED.**

---

[2] U.S.S.G. § 1B1.10(b)(2)(B) provides an exception to this limitation, which applies if the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities. In that case, the court may provide a reduction comparably less than the amended guideline range.

Dated this 8th day of January, 2024, at Kansas City, Kansas.

                                                           s/John W. Lungstrum  
                                                   HON. JOHN W. LUNGSTRUM  
                                                   United States District Judge